**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO. 5:02cr17-RH

MICHAEL JOHN HARDY,

      Defendant.

_____/

**ORDER ESTABLISHING PROCEDURES ON A POSSIBLE
SENTENCE REDUCTION UNDER AMENDMENT 782**

The defendant Michael John Hardy appears eligible for a sentence reduction

under United States Sentencing Guidelines Amendment 782. This order provides

notice of my intention to consider a reduction on my own motion. The order

establishes a procedure under which the government must, and Mr. Hardy may,

address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant.

The range is based on the defendant's "total offense level" and "criminal history

category." The total offense level is based on the defendant's "base offense level"

with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2014).

Amendment 782 became effective on November 1, 2014. The amendment reduced the base offense level for most drug offenses. This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses. Amendment 706 became effective on November 1, 2007; Amendment 715 became effective on May 1, 2008; and Amendment 750 became effective on November 1, 2011.

## II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date. The statute provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10. As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

## III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 782 in the list of retroactive amendments. The change took effect on November 1, 2014.

The Guidelines impose explicit limits. First, a court must not reduce a sentence unless the amendment changed the defendant's guideline range. *See id.* § 1B1.10(a)(1). Second, the Guidelines limit the extent of any reduction. For a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range. *See id.* § 1B1.10(b)(2)(A). For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id.* § 1B1.10, cmt. n.1(A), nor less than the time the defendant has already served, *see id.* § 1B1.10(b)(2)(C).

## IV

Mr. Hardy pleaded guilty to a drug trafficking offense and to possessing and carrying a firearm during and in relation to the drug offense. He was sentenced on December 12, 2002. On the drug count, Mr. Hardy's total offense level was 31, his

criminal history category was IV, and the guideline range was 151 to 188. The

minimum mandatory sentence was 10 years. On the firearm count, the governing

statute required a consecutive sentence of at least 5 years. I sentenced Mr. Hardy to

151 months on the drug count—the low end of the range—and to the mandatory

consecutive term of 60 months on the firearm count, for a total of 211 months.

Amendments 706, 715, and 750 did not affect Mr. Hardy, because his drug

offense involved methamphetamine, not crack cocaine.

Under Amendment 782, the revised total offense level on the drug count is

29, the criminal history category remains IV, and the amended guideline range is

121 to 151 months. Amendment 782 does not affect the firearm sentence. So

Amendment 782 would allow a reduction of Mr. Hardy's sentence to not less than

181 months, consisting of 121 months on the drug count and 60 months on the

firearm count.

## V

Any reduction is discretionary. In deciding whether and how much to reduce

a defendant's sentence (within the limits set out above), a court may consider the

sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the

danger that a reduction would pose to any person or the community, and the

defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10 cmt.

n.1(B).

Based on the existing record in this case, including the presentence report, I intend to reduce Mr. Hardy's sentence to 181 months or time served, unless the government or Mr. Hardy shows that I should not do so.

So that any issues may be appropriately resolved,

IT IS ORDERED:

1. By January 17, 2017, the government must file a memorandum setting out its position—or lack of a position—on the possible reduction of Mr. Hardy's sentence. By the same date, the government may file materials in support of its position.

2. At any time, Mr. Hardy may—but need not—file a memorandum addressing the possible sentence reduction, together with any supporting materials.

3. An order reducing Mr. Hardy's sentence may be entered at any time after January 17, 2017.

4. The clerk must provide copies of this order to Mr. Hardy himself by mail and to the attorneys of record and the Federal Public Defender, through the electronic filing system.

SO ORDERED on January 2, 2017.

s/Robert L. Hinkle
United States District Judge